UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares |
| vs. | : | Crim. No. 10-21 |
| JOSEPH CARDWELL | : | <u>CONSENT ORDER</u> |

This matter having been opened to the Court on the consent of the parties, the United States, by Paul J. Fishman, United States Attorney for the District of New Jersey (Mark J. McCarren and Eric W. Moran, Assistant United States Attorneys, appearing), and defendant Joseph Cardwell (Henry E. Klingeman, Esq. and Anna G. Cominsky, Esq., appearing); and the defendant having filed pretrial motions on September 27, 2010 for various relief [Docket Entry No. 20]; and the government having responded to such motions on February 2, 2011 [Docket Entry No. 24]; and the parties having conferred regarding the issues raised in defendant's motion and addressed by the government's response; and the parties having attended a status conference before the Court on February 9, 2011 at which time they agreed to the outcome of the issues raised in such motion in light of the government's response; and this Consent Order embodying the result of the agreement between the parties, and for good cause shown,

IT IS, therefore, on this 17th day of February, 2011,

ORDERED the defendant's pretrial motions are granted in part and denied in part, as follows:

The defendant's request for the disclosure of grand jury testimony is hereby granted in part and denied in part. To the extent that any grand jury testimony is Jenck's Act material, the government shall provide a transcript of such grand jury testimony in accordance with the Jencks disclosure Order below. Otherwise, the motion is denied;

The defendant's request for the government to promptly disclose all Brady material should such materials become available is hereby granted. The government shall promptly disclose Brady material promptly upon learning of any such material. If the government is unsure whether material is subject to Brady disclosure, the government shall provide such material to the Court for an *in camera* review to determine whether the material qualifies as Brady and should be disclosed;

The defendant's request that the government provide the defendant with all Jenck's Act and Giglio material is hereby denied as moot. To the extent that it has not already done so with respect to the government's cooperating witness, the government shall provide all Jenck's Act and Giglio material for each government witness three days prior to the testimony of such witness. The defendant shall likewise provide the government with all Jenck's Act material pertaining to its witnesses three days prior to the testimony of each such witness;

The defendant's motion for the preservation and disclosure of rough notes and draft reports prepared by investigative agents in this case is hereby granted in part and denied in part. The government shall instruct agents to preserve their rough notes and draft reports. Defendant's motion for the disclosure of such notes and reports is hereby denied;

The defendant's motion to compel the government to disclose DOJ guidelines on cooperators is hereby denied; and

The defendant's motion for access to the government's pre-marked exhibits is hereby granted. The government shall provide the defendant access to its pre-marked exhibits no later than February 15, 2011.

AND IT IS FURTHER ORDERED that the government's motion for reciprocal discovery is hereby granted. The defendant shall provide the government with any reciprocal discovery under Rule 16 no later than February 15, 2011.

HONORABLE JOSE L. LINARES
United States District Judge

Form and entry
consented to:

_____
ERIC W. MORAN
Assistant U.S. Attorney


_____ 02/14/11
ANNA G. COMINSKY, ESQ.
Counsel for defendant Joseph Cardwell